OPINION
Defendant-appellant, William L. Allan, Jr., appeals the decision of the Clermont County Court of Common Pleas adjudicating him a sexual predator.
On July 15, 1991, appellant was convicted of one count of rape of a person under thirteen years of age, in violation of R.C.2907.02(A)(1)(b), and two counts of gross sexual imposition against a person under thirteen years of age, in violation of R.C.2907.05-(A)(4). He was sentenced to serve a prison term of nine to twenty-five years on the rape charge and two years on each of the gross sexual imposition charges. The sentences were ordered to be served consecutively.
Appellant was recommended by the Department of Rehabilitation and Correction to be classified as a sexual predator pursuant to R.C. Chapter 2950. On September 30, 1999, appellant filed a motion to declare R.C. Chapter 2950 unconstitutional. On October 13, 1999, the trial court held a sexual predator adjudicatory hearing. The trial court found that R.C. Chapter 2950 is constitutional and that appellant is a sexual predator. On October 15, 1999, the trial court filed its entry finding appellant to be a sexual predator. Appellant appeals, raising a single assignment of error:
R.C. CHAPTER 2950 VIOLATES THE OHIO CONSTITUTION.
 In his sole assignment of error, appellant contends that R.C. Chapter 2950, Ohio's Megan's Law, denies him his inalienable rights under Article I, Section 1, of the Ohio Constitution. This court has previously considered this issue, finding that the Supreme Court's decision in State v. Cook (1998), 83 Ohio St.3d 404, "strongly suggests that the statute is a reasonable exercise of the police powers, and that it is not in conflict with Article I, Section 1, of the Ohio Constitution." State v. Dickens (Aug. 2, 1999), Clermont App. No. CA98-09-075, unreported, at 8-9. This court found that the registration, verification, and notification provisions of R.C. Chapter 2950 are narrowly tailored to serve the legitimate purpose of the state's police powers, and that the provisions do not unreasonably infringe upon the rights of sexual predators. Id. at 11 and 14. Appellant's assignment of error is overruled.
Judgment affirmed.
WALSH and VALEN, JJ., concur.